UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ROBERT DONA,

                    Plaintiff(s),         **REPORT AND RECOMMENDATION**

       -against-                    CV 10-0825 (JS) (WDW)

MIDLAND CREDIT MANAGEMENT, INC.,

                    Defendant(s).
----------------------------------------------------------X
**WILLIAM D. WALL, United States Magistrate Judge:**

      This matter was referred to the undersigned by District Judge Joanna Seybert for a report and recommendation as to whether plaintiff's motion for a default judgment, *see* Docket Entry ("DE") [7] should be granted, and, if so, the amount of damages to be awarded. Plaintiff Robert Dona submitted papers in support of his damages claim. There has been no submission of papers or appearance by defendant Midland Credit Management, Inc. ("Midland").

      Based on the evidence submitted, the court recommends that plaintiff's motion for a default judgment be granted, and that plaintiff be awarded statutory damages in the amount of $500.00, and attorneys' fees and costs incurred in the amounts of $1917.50 and $350.00, respectively, for a total award of $2,767.50.

## BACKGROUND

      The plaintiff filed a complaint against the defendant Midland on February 24, 2010, alleging violations of the Fair Debt Collection Practices Act ("FDCPA" or "Act"). Specifically, plaintiff alleged an improper communication under the Act, in which an employee of the defendant left a phone message on the plaintiff's answering machine without identifying herself as a debt collector, as required under the Act. The defendant did not file an answer or otherwise appear in the action. The Clerk of the Court noted the default, *see* DE [6], and on June 23, 2010,

the plaintiff filed a motion for a default judgment. Judge Seybert referred the motion to the undersigned, and at the court's direction, plaintiff submitted supplemental papers. *See* DE [11]. No papers have been submitted by the defendant.

## DISCUSSION

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). The plaintiff brings this suit pursuant to the FDCPA, which "grants a private right of action to a consumer who receives a communication that violates the Act." *Jacobson v. Healthcare Fin. Servs., Inc.,* 516 F.3d 85, 91 (2d Cir. 2008) (*citing* 15 U.S.C. §1692k). A violation of the FDCPA occurs where the debt collector, in a communication with the consumer, fails to disclose "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." 15 U.S.C. §1692e(11). "Communications" under the Act include telephone calls and messages left on a consumer's answering machine. *See Pifko v. CCB Credit Servs., Inc.,* 2010 WL 2771832, at *5 (E.D.N.Y. July 7, 2010); *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 654-55 (S.D.N.Y. 2006).

Plaintiff alleges that Midland's collection efforts were legally deficient in that it failed to provide the warnings required by 15 U.S.C. §1692e(11). In order to prevail on his claim of a violation under this section of the FDCPA, "three requirements must be met: (1) the plaintiff must be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, and (2) the defendant collecting the debt is considered a 'debt collector,' and (3) the defendant has engaged in any act or omission in violation of FDCPA requirements." *Healy v. Jzanus Ltd.,* 2002 WL 31654571, at *2 (E.D.N.Y. Nov. 20, 2002)

(*citing* 15 U.S.C. §1692(a)).

Plaintiff adequately pled the first two requirements by alleging that he was the object of efforts to collect a consumer debt, and that the defendant is a debt collector "as the phrase is used in 15 U.S.C. §1692a(6)." Complaint at ¶¶4, 8.  As to the third requirement, plaintiff alleges that the defendant engaged in a violation of the FDCPA, specifically the failure of the defendant's employee to identify herself as a debt collector. *Id.* at ¶15.  Plaintiff claims to have received numerous phone messages from the defendant in violation of 15 U.S.C. §1692e(11), including at least one message stating as follows: "This is a private message for Robert Dona. Robert, this is Connie from MCM. My number is 1-800-825-8131, extension 35306. Please return this call as soon as you can. Thank you." *Id.* at ¶10.  The employee of the defendant failed to identify herself as a debt collector in this communication, in violation of 15 U.S.C. §1692e(11).  *See Foti*, 424 F. Supp. 2d at 654–56.  This failure alone is sufficient to constitute a violation of the FDCPA disclosure requirement, regardless of whether the plaintiff had received numerous phone messages prior to the communication in question.  *See Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 26 (2d Cir. 1989).

Plaintiff has adequately pled allegations that state a cause of action under the FDCPA, and in light of defendant's default, those allegations are deemed admitted.  Accordingly, it is recommended that plaintiff's motion for a default judgment be granted.

A default also "effectively constitutes an admission that damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Lokshin*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997).  The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded."

*Greyhound*, 973 F.2d at 159. The amount of damages can be determined without a hearing as long as the court satisfies itself, through review of documentary evidence or affidavits, that the amount is reasonable. *See Transatlantic Marine Claims Agency v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997).

Although the FDCPA allows the recovery of both actual and statutory damages, plaintiff in his motion seeks only statutory relief. The FDCPA sets statutory damages at a maximum of $1,000 for an individual plaintiff, 15 U.S.C. §1692k(a)(2)(A), however, both "[t]he decision whether to award statutory damages under the FDCPA and the size of the award are matters committed to the sound discretion of the court." *Nero v. Law Office of Sam Streeter P.L.L.C.*, 655 F. Supp. 2d 200, 210 (E.D.N.Y. 2009) (citation omitted). In exercising its discretion, this court "must consider the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the extent to which such noncompliance was intentional, and other relevant factors in deciding the amount of any additional damages awarded." *Savino v. Computer Credit, Inc.,* 164 F.3d 81, 86 (2d Cir. 1998) (internal quotation and citations omitted).

Awards of the statutory maximum are typically granted in cases where the defendants' violations are egregious. *See, e.g., Overcash v. United Abstract Grp., Inc.*, 549 F. Supp. 2d 193, 196-97 (N.D.N.Y. 2008) (awarding $1,000 in statutory damages upon defendants repeated communications regarding a debt that had already been paid and one in excess of what was actually owed); *Baruch v. Healthcare Receivable Mgmt., Inc.*, 2007 WL 3232090, at *4 (E.D.N.Y Oct. 30, 2007) (awarding $1,000 in statutory damages where defendant made threats to sue plaintiff and damage her credit rating). In contrast, courts in this Circuit have found that a $500 award is appropriate where there is no repeated pattern of intentional abuse or where the violation was technical. *See, e.g., Savino*, 164 F.3d at 86 (affirming $500 award when the

violation was not intentional and the communication was not "threatening or abusive in tone"); *Nero*, 655 F. Supp. 2d at 210 ($500 award where the communication contained no threatening language and plaintiff suffered no actual damages); *Dowling v. Kucker Kraus & Bruh, LLP*, 2005 WL 1337442, at *4-5 (S.D.N.Y. June 6, 2005) (finding that $550 award per plaintiff was sufficient to serve as a deterrent where defendant "technically violated the... [FDCPA] dozens of times").

In the present case, the plaintiff alleges that the defendant called and left a message on his answering machine without indicating that the call was from a debt collector, for the purposes of collecting a debt. Compl. at ¶10. The plaintiff does not allege any facts to indicate any egregious or threatening behavior on the part of the defendant, nor does he allege that defendant's employee used an abusive tone of voice. Based on a review of all the relevant factors, I find that the defendant's conduct does not warrant an award of the statutory maximum and recommend that plaintiff be awarded $500 in statutory damages.

Plaintiff furthers seeks recovery of attorneys' fees and costs, as provided under the FDCPA. *See* 15 U.S.C. §1692k(a)(3); *Nero*, 655 F. Supp. 2d at 211. The party seeking reimbursement of attorneys' fees bears the burden of proving the reasonableness and the necessity of hours spent and rates charged. *See generally, N.Y. State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136 (2d Cir. 1983). When assessing the reasonableness of legal fees, the court must determine the "presumptively reasonable fee" for an attorney's services by looking to what a reasonable client would be willing to pay, keeping in mind that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Simmons v. New York City Transit Auth.,* 575 F.3d 170, 174 (2d Cir. 2009); *see also Arbor Hill Concerned Citizens v. County of Albany,* 522 F.3d 182, 186-87 (2d Cir. 2008)

5

Case 2:10-cv-00825-JS-WDW   Document 12   Filed 02/10/11   Page 6 of 7 PageID #: 52

(enumerating factors to be considered when determining reasonableness of fees). A fee application must be supported by contemporaneous time records that describe with specificity, by attorney, the nature of the work done, the hours expended, and the dates on which the work was performed. *Cruz v. Local Union No. 3 of the IBEW,* 34 F.3d 1148, 1160-61 (2d Cir. 1994).

   A review of the attorney declarations and billing records submitted by plaintiff leads me to conclude that the rates charged are reasonable for work of this sort in the Eastern District, and that the number of hours expended is not excessive. *See Nero,* 655 F. Supp. 2d at 211-12. Thus, I find that all relevant factors support an award of attorneys' fees in the amount of $1,917.50.[1]

   Finally, plaintiff seeks costs in a total amount of $400.00, consisting of this court's $350.00 filing fee and $50 for service fees. Although the plaintiff is entitled to recover these costs, he has not provided any documentation in support of his request. I will, however, take judicial notice of the $350 filing fee in the Eastern District of New York and recommend an award of costs in that amount.

## OBJECTIONS

   A copy of this Report and Recommendation is being sent to counsel for all parties by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov.

---

[1] The hours and total fees sought in the affidavits, *see* Exhs. 4&6, are inconsistent with the amounts set forth in the billing records. *See* Exhs. 5&7. To the extent that there is a discrepancy in the hours, I have relied upon the billing records to calculate the appropriate attorneys' fee award.

20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       February 10, 2011

                                             /s/ William D. Wall
                                            WILLIAM D. WALL
                                            United States Magistrate Judge